# ILLINOIS OFFICIAL REPORTS

## Appellate Court

### *People v. Gray*, 2011 IL App (1st) 091689

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DOIAKAH GRAY, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-09-1689 |
| Filed | December 6, 2011 |
| Rehearing denied | March 8, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's *sua sponte* denial of defendant's petition to file a successive postconviction petition was affirmed, but the dismissal of defendant's petition under section 2-1401 of the Code of Civil Procedure for relief from the judgment finding him guilty of first degree murder was vacated and the cause was remanded for further proceedings, since even though the State was present at the hearing, it remained silent, and the trial court's premature dismissal of the petition deprived the State of the time during which it was entitled to answer or otherwise plead. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 96-CR-10552; the Hon. Michele M. Simmons, Judge, presiding. |
| Judgment | Vacated in part and affirmed in part; cause remanded. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Adrienne N. River, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michelle Katz, and Miles J. Keleher, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE HARRIS delivered the judgment of the court, with opinion.

Presiding Justice Quinn and Justice Cunningham concurred in the judgment and opinion.


**OPINION**

¶ 1    Defendant Doiakah Gray appeals from an order of the circuit court of Cook County denying his petition for leave to file a successive *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2008)) and dismissing his petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2008)). He contends that the circuit court erred in denying him leave to file a successive postconviction petition where he presented newly discovered evidence establishing the gist of a claim of ineffective assistance of trial counsel. He also contends that the *sua sponte* dismissal of his section 2-1401 petition within 30 days of its filing was erroneous.

¶ 2    A jury found defendant guilty of first degree murder in connection with the 1994 shooting death of Don Rietveld. He was then sentenced to an extended term of 80 years' imprisonment after the trial court found that the murder was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty. This court affirmed that judgment on direct appeal, where defendant challenged his sentence and contended that he was denied a speedy trial and discriminated against in jury selection. *People v. Gray*, 326 Ill. App. 3d 906, 908 (2001).

¶ 3    On June 24, 2002, defendant, represented by counsel, filed an initial postconviction petition, alleging a sentencing violation pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and ineffective assistance of trial and appellate counsel regarding the failure to file a postsentencing motion or to preserve as error the sentencing court's consideration of various aggravating factors. The trial court granted the State's motion to dismiss his petition, and we affirmed that order of dismissal in *People v. Gray*, No. 1-04-1771 (Feb. 17, 2006) (unpublished order under Supreme Court Rule 23).

¶ 4    Defendant then petitioned the United States District Court for a writ of *habeas corpus*,

which was denied. That decision was affirmed by the United States Court of Appeals, which noted that defendant had procedurally defaulted his ineffective assistance claims. *Gray v. Hardy*, 598 F.3d 324, 333 (2010).

¶ 5 In December 2008, defendant filed the instant *pro se* motion for leave to file a successive petition and successive *pro se* postconviction petition, alleging that the State failed to disclose favorable evidence to him, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); that the State knowingly presented false trial testimony; and ineffective assistance of trial counsel based on newly discovered evidence. He maintained that these constitutional violations could not have been presented in his original postconviction petition because they were not known to him at that time.

¶ 6 In support of his allegations, defendant appended an undated, typewritten statement bearing the signature and stamp of a notary and the signature of an individual named Milton Marshall. Marshall is not named in the statement, and there is no indication in the statement that the declarant made it under oath. The declarant maintains that he spoke to Troy Montgomery, an eyewitness for the State, in September 1997 and that Montgomery told him he did not know who killed the victim and the only reason he said that defendant did it "was because they signed a statement saying they did it." The declarant and Montgomery then went to the office of defendant's trial counsel and told him that defendant "did not shoot the white guy and that he himself was not even there on that night." Montgomery told counsel that he was afraid that he could be charged with the murder if he had come forward, but counsel did not take a statement from Montgomery, and shortly thereafter, Montgomery left town because he did not want to go to court and "lie."

¶ 7 In his pleadings, defendant asserted that his trial counsel failed to inform him of the statement from Montgomery or use the statement to impeach Montgomery at trial. Defendant alleges that this failure was not a strategic decision and that he was prejudiced because he was not allowed to present a full defense.

¶ 8 On February 6, 2009, while his postconviction petition was pending, defendant filed a section 2-1401 petition for relief from judgment. He alleged therein that his indictment and conviction were void because he had not been indicted within 30 days of his arrest as required by statute.

¶ 9 On February 20, 2009, the circuit court considered both petitions and denied defendant leave to file the successive petition, finding that he failed to satisfy the cause and prejudice test. The court also dismissed his section 2-1401 petition, finding that defendant did not show that the judgment is void and should be vacated. The transcript shows that an assistant State's Attorney (ASA) was present for the proceedings, but did not speak, file a motion to dismiss, or raise any affirmative defenses to defendant's petition.

¶ 10 In this appeal, defendant challenges both rulings. He first claims that the trial court erred in denying his request for leave to file a successive petition, where he had alleged that recently discovered evidence showed that the State's eyewitness recanted his statement to trial counsel, who did not use it to impeach the witness's trial testimony that defendant was one of the shooters.

¶ 11 The Act contemplates the filing of only one postconviction petition (*People v. Ortiz*, 235

Ill. 2d 319, 328 (2009)), and successive petitions are governed by section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2008)). Leave of court must be obtained to file a successive petition, and this permission is expressly conditioned on defendant's satisfaction of the cause and prejudice test (*People v. LaPointe*, 227 Ill. 2d 39, 44 (2007)), or where fundamental fairness so requires (725 ILCS 5/122-1(f) (West 2008); *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002)).

¶ 12    "Cause" has been defined as "any objective factor, external to the defense, which impeded the petitioner's ability to raise a specific claim at the initial postconviction proceeding." *Pitsonbarger*, 205 Ill. 2d at 462. Prejudice, in this context, is the denial of consideration of an error that so infected the entire trial that the resulting conviction or sentence violates due process. *Pitsonbarger*, 205 Ill. 2d at 464. Our review of the order denying defendant's motion for leave to file a successive postconviction petition is *de novo*. *People v. Simmons*, 388 Ill. App. 3d 599, 606 (2009).

¶ 13    Defendant maintains that he demonstrated cause for not raising his ineffectiveness claim in his initial petition through the "newly discovered" evidence provided by Milton Marshall which he claims was not available and was unknown to him at the time. This "newly discovered" evidence is contained in an attachment that defendant describes as an "affidavit." We observe that an affidavit is a declaration, on oath, in writing, and sworn to before some person who has authority under the law to administer oaths. *People v. Smith*, 22 Ill. App. 3d 377, 380 (1974).

¶ 14    In this case, the "affidavit" offered by defendant consists of a typewritten paragraph purportedly signed by "Milton Marshall" and witnessed by a notary. The document bears no date, attestations, identifiers in the statement, or signature blocks to indicate that Marshall is the deponent or a person taking an oath. Although it bears the purported signature and stamp of a notary, there is also no indication that the notary verified Marshall's identity or that his statement was verified upon oath or affirmation (5 ILCS 312/6-102(b) (West 2008)), leading us to question its legal effectiveness (see *People v. Niezgoda*, 337 Ill. App. 3d 593, 597 (2003) (setting forth requirements for an affidavit filed under the Act)).

¶ 15    Moreover, nothing in this document establishes the identity of Milton Marshall, his relationship to defendant or Montgomery, or how it is, or when, defendant learned of the information the declarant purportedly sets forth, and why he could not have presented this information earlier. It is, thus, clear that defendant failed to establish the cause prong of the test to permit the filing of a successive postconviction petition.

¶ 16    Defendant is similarly unable to establish prejudice. The "affidavit" relied upon merely states that Montgomery told the declarant that he did not see the shooting and that he and Montgomery told this to trial counsel. In his pleadings, defendant alleged prejudice resulting from trial counsel's failure to use this statement to impeach Montgomery at trial. The trial record shows that Montgomery testified to seeing defendant shoot the victim at close range at least three times in the head. There is no suggestion in the "affidavit" or the pleadings to indicate when Montgomery supposedly provided this contradictory information to trial counsel or his availability to provide this new version of events. *People v. Brown*, 371 Ill. App. 3d 972, 982 (2007). Additionally, the content of the "affidavit" is no more than hearsay,

-4-

which, as a general rule, is insufficient to support a claim. *People v. Morales*, 339 Ill. App. 3d 554, 565 (2003). We conclude, therefore, that defendant cannot establish the prejudice prong and that his motion for leave to file a successive petition was properly denied by the circuit court.

¶ 17    Defendant next contends that the *sua sponte* dismissal of his petition for relief from judgment under section 2-1401 of the Code was erroneous because the court entered the dismissal before the expiration of the 30-day time period during which the State may move to dismiss or otherwise plead. Our review is *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

¶ 18    Section 2-1401 of the Code provides that "[r]elief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section." 735 ILCS 5/2-1401(a) (West 2008). Proceedings under this section are subject to the usual rules of civil procedure and a petition filed under this section is essentially a complaint inviting responsive pleadings. *Vincent*, 226 Ill. 2d at 8. The petition is subject to dismissal for want of legal or factual sufficiency and may be challenged by a motion to dismiss. *Vincent*, 226 Ill. 2d at 8. If the respondent does not answer the petition, this constitutes an admission of all well-pleaded facts and the trial court may decide the case on the pleadings, affidavits, exhibits, and supporting material before it, including the record from prior proceedings. *Vincent*, 226 Ill. 2d at 9.

¶ 19    Section 2-1401 further provides that "[a]ll parties to the petition shall be notified as provided by rule." 735 ILCS 2-1401(b) (West 2008). Illinois Supreme Court Rules 105 (eff. Jan. 1, 1989) and 106 (eff. Aug. 1, 1985) require that such notice "shall state *** that a judgment by default may be taken against [the other party] for the *** relief unless he files an answer or otherwise files an appearance in the office of the clerk of court within 30 days after service" of the notice.

¶ 20    Here, defendant filed his section 2-1401 petition on February 6, 2010, and the court *sua sponte* dismissed it at a proceeding on February 20, 2010. The parties acknowledge, and the record indicates, that the State was present for this proceeding, but did not speak or file any motions, objections, or affirmative defenses related to defendant's petition at or prior to this proceeding.

¶ 21    In *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009), the supreme court held that the circuit court's dismissal of a section 2-1401 petition before the expiration of the 30-day period "short-circuited the proceedings and deprived the State of the time it was entitled to answer or otherwise plead." A division of this court recently applied that holding in *People v. Clemons*, 2011 IL App (1st) 102329, ¶ 17, finding, under circumstances indistinguishable from the case at bar, that the State's silence did not render the section 2-1401 petition ripe for adjudication and vacated the order of dismissal.

¶ 22    Here, as in *Clemons*, the State was present at the hearing, but remained silent. In light of this authority, we likewise conclude that the State was deprived of the time during which it was entitled to answer or otherwise plead. We, therefore, vacate the trial court's premature denial of defendant's section 2-1401 petition and remand for further proceedings. In so holding, we are not accepting *Laugharn*, where there was no indication that the State was

present, as a bright-line rule for vacating section 2-1401 dismissals entered *sua sponte* prior to the statutory 30-day period. We believe that *Laugharn* and *Clemons* would not apply where the State, present at the hearing, expressly represents to the court its waiver of the 30-day time period and consents to a *sua sponte* decision on the merits.

¶ 23    Accordingly, we vacate the order of the circuit court of Cook County dismissing defendant's section 2-1401 petition and affirm the order in all other respects.

¶ 24    Vacated in part and affirmed in part; cause remanded.