# Illinois Official Reports

## Appellate Court

***People v. Dalton*, 2017 IL App (3d) 150213**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT DALTON, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0213 |
| Filed | June 9, 2017 |
| Decision Under Review | Appeal from the Circuit Court of La Salle County, No. 03-CF-556; the Hon. Cynthia M. Raccuglia, Judge, presiding. |
| Judgment | Reversed and remanded with instructions. |
| Counsel on Appeal | Michael J. Pelletier and Fletcher P. Hamill, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Karen K. Donnelly, State's Attorney, of Ottawa (Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion.<br>Justices Lytton and O'Brien concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Robert Dalton, appeals from the denial of his postconviction petition at the third stage. Defendant also appeals the *sua sponte* dismissal of his section 2-1401 petition. We reverse and remand for further proceedings.

¶ 2                                    FACTS

¶ 3    On December 30, 2003, defendant was arrested and charged by information with two counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2000)), a Class 2 felony. Count I alleged that on July 16, 2001, defendant committed an act of sexual conduct with M.C., a minor between the ages of 13 and 17, by placing his penis in M.C.'s vagina. Count II alleged that defendant committed the same conduct with M.C. on November 7, 2001. The State later filed an indictment raising identical charges.

¶ 4    On May 17, 2004 (more than 120 days after the original charges were filed), the State filed an amended information adding four new charges. Counts III, IV, and V were different from the original charges in that they alleged that defendant committed the act of criminal sexual assault (720 ILCS 5/12-13(a)(3) (West 2000)) on three different occasions when M.C. and defendant resided in the same household continuously for at least one year. Count VI was identical to count I in that both counts were based on the same act alleged to have occurred on July 16, 2001, but count VI charged the greater Class 1 offense of criminal sexual assault and added an allegation that defendant committed the offense at a time when he and M.C. had resided in the same household continuously for at least one year.

¶ 5    Next, the parties met for a final pretrial conference. At the hearing, the parties informed the court that they wished to let the previously scheduled trial date remain unchanged. The court noted that there was a "time limit period," and asked if there would be an issue if the parties let the trial date stand. Defense counsel responded that he wanted the trial date to remain the same and told the court, "[t]here'll be no speedy trial issue."

¶ 6    Following a trial, the jury found defendant guilty of counts III, IV, V, and VI. The trial court sentenced defendant to consecutive prison terms of 4, 6, 12, and 15 years, respectively. The jury did not receive an instruction on counts I and II, and the jury did not make a finding of guilt regarding those charges.

¶ 7    Defendant's trial counsel filed a motion for new trial, which the trial court denied. Defendant then retained new counsel for the posttrial proceedings. Posttrial counsel filed a second motion for new trial and a motion to reconsider sentence. Initially, the court granted defendant's motion for new trial and ordered a new trial. However, the court later granted the State's motion to reconsider and reinstated defendant's convictions and sentences. None of the posttrial motions alleged that trial counsel provided ineffective assistance in failing to raise a speedy trial claim.

¶ 8    Defendant appealed. On appeal, counsel for defendant filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel's motion considered the following issues (and determined that they lacked merit): (1) whether the evidence was sufficient to sustain defendant's conviction, (2) whether the trial court abused its discretion in allowing the admission of certain State exhibits, (3) whether the trial court abused its discretion in allowing M.C. to testify regarding sexual assaults that occurred in De Kalb County, (4) whether the

decisions identified in posttrial counsel's motion for new trial established claims of ineffective assistance of trial counsel, and (5) whether any error occurred at sentencing. This court granted appellate counsel's motion and dismissed the appeal. *People v. Dalton*, No. 3-06-0041 (2007) (unpublished order under Supreme Court Rule 23).

¶ 9 Subsequently, defendant filed a *pro se* petition for postconviction relief. The trial court docketed the petition and appointed counsel to represent defendant. After several amendments to the petition, counsel filed an amended petition, adopting defendant's *pro se* claims and adding the claim that defendant's prior attorneys all provided ineffective assistance for failing to raise the issue that defendant's speedy trial rights had been violated regarding counts III, IV, V, and VI. The State filed a motion to dismiss, arguing that defendant's right to a speedy trial was not violated because the newly added counts alleged separate acts on different dates than those alleged in the original counts. The State acknowledged that there "may be an issue" with respect to count VI because it was based on the same act alleged in count I. However, the State argued that the late filing of count VI did not implicate defendant's speedy trial right because the new count merely alleged an "upgraded" version of the charge in count I.

¶ 10 At a hearing on the State's motion to dismiss defendant's amended postconviction petition, the trial court found that defendant's speedy trial claim warranted a third-stage postconviction hearing. The court continued the cause and allowed the parties to file additional briefs on the issue.

¶ 11 Prior to the third-stage hearing on defendant's amended postconviction petition, defendant filed a *pro se* document captioned "725 ILCS 5/122-1(c)(a)(2)/735 ILCS 5/2-1401 Supplement-Addition Motion." Defendant's *pro se* motion alleged a new claim of newly discovered evidence that established both a "412 *Brady* violation" and defendant's actual innocence.

¶ 12 On March 26, 2015, the parties appeared in court for the third-stage hearing on defendant's amended postconviction petition. At the hearing, the trial court noted defendant's newly filed *pro se* document. Appointed counsel told the court that he did not adopt the claims in the *pro se* petition. Defendant then explained that he intended the newly filed *pro se* document to be a separate filing from counsel's amended postconviction petition. Specifically, defendant argued:

> "By law, Illinois Constitutional law and I says underneath 21401 new evidence and then underneath actual innocence claimed 725 ILSC [*sic*] and then 735 ILSC [*sic*] 21401 that I can at any time *pro se* file a motion underneath the new evidence if it becomes available to me which I can likely prove that it did."

¶ 13 The trial court allowed defendant to file his *pro se* petition, referring to the petition as a "2nd post-conviction" petition. The court summarily dismissed the petition as it failed to raise any newly discovered evidence. The State did not provide any input regarding defendant's *pro se* petition.

¶ 14 Next, the trial court considered appointed counsel's amended postconviction petition. The court found that the late filing of counts III, IV, and V did not violate defendant's speedy trial rights, as the new counts charged different offenses based on distinct acts. The court also found that the late filing of count VI did not violate defendant's speedy trial right, even though count VI charged an offense based on the same act as count I, because it was merely an "upgraded" version of count I. The court denied defendant's amended postconviction petition.

¶ 15                ANALYSIS

¶ 16      At the outset, we note that during the pendency of this appeal, defendant filed a letter in this court asking that he be allowed to supplement appointed counsel's brief. "If a defendant is represented by appellate counsel, whether appointed or privately retained, he has no right to a 'hybrid appeal' in which he alternates between being represented by counsel and proceeding *pro se* through the filing of a supplemental *pro se* brief. [Citation.] Defendant, therefore, has no right to present his *pro se* arguments to this court [citations] ***." *People v. Thompson*, 331 Ill. App. 3d 948, 951-52 (2002). Accordingly, we deny defendant's request to supplement appointed counsel's brief.

¶ 17      On appeal, defendant contends that the trial court erred when it denied his amended postconviction petition at the third stage. In addition, defendant contends the court erred in *sua sponte* dismissing his separate *pro se* "section 2-1401" petition because it was not ripe for adjudication. Upon review, we find defendant is entitled to postconviction relief where appellate counsel provided ineffective assistance in failing to raise a meritorious speedy trial claim. As to defendant's claim regarding his section 2-1401 petition, we find the trial court erred in *sua sponte* dismissing the petition prior to the expiration of the 30-day period during which the State may move to dismiss or otherwise plead.

¶ 18                I. Postconviction Petition

¶ 19      As to defendant's first argument, we initially note that at the third stage of postconviction proceedings, defendant bears the burden of making a substantial showing of a constitutional violation. *People v. Coleman*, 206 Ill. 2d 261, 277 (2002). In instances such as the present, where no new evidence is presented and the issues presented are pure questions of law, we apply a *de novo* standard of review. *People v. Caballero*, 206 Ill. 2d 65, 87-88 (2002).

¶ 20      Defendant contends that his speedy trial rights were violated when the State filed count VI more than 120 days after it filed the original charges.[1] Thus, defendant concludes that he made a substantial showing that he was deprived of effective assistance of counsel when appellate counsel failed to raise the speedy trial issue on appeal. We begin by examining the merits of defendant's underlying speedy trial claim, as that issue is the foundation for defendant's ineffective assistance claim.

¶ 21      The speedy trial statute provides that any person who is held in custody on criminal charges must be tried within 120 days. 725 ILCS 5/103-5(a) (West 2002). The 120-day limitation applies both to charges that have been filed against defendant and charges that have not yet been filed but would be subject to mandatory joinder with the originally filed charges. *People v. Williams*, 204 Ill. 2d 191, 198 (2003). Multiple offenses are subject to mandatory joinder when they are all based on the same act by defendant. 720 ILCS 5/3-3(b) (West 2002). Consequently, a defendant held in custody and charged with a single offense must be tried within 120 days not only for that offense but also for any other offenses that could be charged based on the same underlying act. *Williams*, 204 Ill. 2d at 198. The remedy for a speedy trial violation is dismissal of the charges. 725 ILCS 5/103-5(d) (West 2002).

¶ 22      Generally, the 120-day period under the speedy trial statute can be extended by a delay of trial that is attributable to the defense. 725 ILCS 5/103-5(a) (West 2002). Delay is attributable

---

[1]Defendant makes no argument that the trial court erred in concluding that his speedy trial rights were not violated as to counts III, IV, and V.

to a defendant whenever he agrees to a continuance of trial. *People v. Ingram*, 357 Ill. App. 3d 228, 232-33 (2005). However, a defendant can only agree to the continuance of trial with respect to offenses with which he is *actually* charged. *Williams*, 204 Ill. 2d at 207. Put another way, if a defendant is in custody and charged with one offense and agrees to continue his trial, that agreement tolls the 120-day period with respect to the charged offense but does not toll the 120-day period for any uncharged offenses based on the same act. *Id.* Consequently, when a defendant is charged with an offense based on conduct that could support charges of multiple offenses, the State must file any additional charges based on that conduct within 120 days. Any additional charges filed beyond the 120-day period violate the speedy trial statute. *Id.* at 207-08.

¶ 23    In the present case, the 120-day speedy trial clock began December 30, 2003, when the State charged defendant with two counts of aggravated criminal sexual abuse. Count I of the charging instrument alleged that defendant committed the offense of aggravated criminal sexual abuse on July 16, 2001, when he placed his penis in M.C.'s vagina. Therefore, any other offenses that could have been charged based on the same physical act alleged in count I must have been filed prior to the expiration of the 120-day period. However, more than 120 days later (May 17, 2004), the State charged defendant with the separate offense of criminal sexual assault. Count VI was based on the same act as count I, but included the allegation that defendant and M.C. had lived together continuously for at least one year. In addition, the newly filed charge alleged a greater class of felony (Class 1 as opposed to Class 2). Because both counts were based on the same physical act, we find defendant's right to a speedy trial was violated when the State filed the additional charge more than 120 days after filing the original charges.

¶ 24    In reaching this conclusion, we reject the State's argument that defendant's right to a speedy trial was not violated because count I provided adequate notice to defendant against the late-filed count VI. Specifically, the State argues defendant had adequate notice as to count VI because it alleged the same act, date, parties, and the witnesses involved as count I. To support this proposition, the State relies on the decisions in *People v. Staake*, 2016 IL App (4th) 140638, *appeal allowed*, No. 121755 (Ill. Mar. 29, 2017), and *People v. Phipps*, 238 Ill. 2d 54 (2010). We find the cases relied upon by the State distinguishable.

¶ 25    In *Staake*, the court held that the State can "upgrade" a second degree murder charge to first degree murder without implicating the speedy trial statute because second degree murder is a lesser mitigated version of first degree murder. *Staake*, 2016 IL App (4th) 140638, ¶ 71. In *Phipps*, the court considered the amended reckless homicide and driving under the influence (DUI) statutes, which essentially eliminated the offense of reckless homicide with the aggravating factor of intoxication and replaced it with the offense of aggravated DUI with the aggravating factor of causing a death. *Phipps*, 238 Ill. 2d at 68-69. *Phipps* ultimately held that, where the State had originally charged defendant with reckless homicide under the old statute, it could replace that charge with a charge of aggravated DUI under the new statute without implicating mandatory joinder or the speedy trial statute because the charges were identical. *Id.* at 70.

¶ 26    By contrast, counts I and VI in this case charged distinct offenses with different elements. In other words, this is not a case where the late-filed charge is merely an "upgraded" charge or identical offense. In addition, neither offense is a lesser-included or lesser-mitigated offense of the other. *Staake* and *Phipps* are, therefore, distinguishable from the present case.

¶ 27    We now return to defendant's contention that appellate counsel provided ineffective assistance for failing to raise the speedy trial violation on appeal. In order to show ineffectiveness of appellate counsel, a defendant must establish both a deficiency in counsel's performance and prejudice resulting from that deficiency. *People v. Edwards*, 195 Ill. 2d 142, 163 (2001).

¶ 28    The speedy trial statute is clear and its application is straightforward. 725 ILCS 5/103-5 (West 2002). The State failed to file the additional charge (count VI) within the 120-day period. There is no strategic reason for trial counsel to fail to move to dismiss a charge that violates defendant's right to a speedy trial. See *People v. Hawkins*, 212 Ill. App. 3d 973, 983 (1991); *People v. Alcazar*, 173 Ill. App. 3d 344, 354 (1988). Appellate counsel's failure to raise this issue on appeal is objectively unreasonable and therefore constitutes deficient performance. See *People v. Stanley*, 266 Ill. App. 3d 307, 311 (1994) (finding that appellate counsel's failure to raise speedy trial violation amounted to deficient performance).

¶ 29    Turning to the question of prejudice, defendant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *People v. Evans*, 186 Ill. 2d 83, 93 (1999). Had trial counsel moved to dismiss count VI, the court would have been required to dismiss the count. More practically, defendant would not have been convicted and sentenced for this offense. See 725 ILCS 5/103-5(d) (West 2002); *People v. Woodrum*, 223 Ill. 2d 286, 299 (2006). As a result, appellate counsel's deficient performance in failing to raise the speedy trial violation resulted in prejudice to defendant.

¶ 30    Accordingly, we find that defendant made a substantial showing of his constitutional claim that appellate counsel provided ineffective assistance. Therefore, the trial court erred in denying defendant postconviction relief on this claim.

¶ 31    In coming to this conclusion, we reject the State's argument that defendant waived and forfeited the above issue. Defendant filed his postconviction petition and alleged ineffective assistance of *appellate* counsel for failing to raise trial counsel's ineffectiveness regarding the speedy trial violation—an issue that had never been raised in the prior proceedings. The doctrine of waiver does not bar consideration of issues in postconviction proceedings where the alleged waiver stems from the incompetency of appellate counsel. See *People v. Flores*, 153 Ill. 2d 264, 282 (1992) (noting that a postconviction claim of ineffective assistance of appellate counsel that could not have been raised in the prior proceedings is neither waived nor *res judicata*).

¶ 32                                  II. Section 2-1401 Petition

¶ 33    Next, defendant argues that the trial court erred when it *sua sponte* dismissed his *pro se* petition seeking relief pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)) because dismissal occurred at a time the petition was not ripe for adjudication.[2] Section 2-1401 provides a statutory procedure to vacate a final judgment that is

---

[2]We note defendant's *pro se* petition referenced the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2012)) and the trial court referred to defendant's *pro se* petition as a postconviction petition. However, defendant's petition was substantively a section 2-1401 petition for relief from judgment. We therefore, treat defendant's petition as a section 2-1401 petition. See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002) (the character of pleading is

more than 30 days but less than 2 years old. *Id.* Pursuant to Illinois Supreme Court Rule 106 (eff. Aug. 1, 1985), service of a section 2-1401 petition must be made by the means set out in Illinois Supreme Court Rule 105 (eff. Jan. 1, 1989). Rule 105(b) provides that notice may be served by summons, prepaid certified or registered mail, or publication. Ill. S. Ct. R. 105(b) (eff. Jan. 1, 1989). After notice has been served, the responding party has 30 days to answer or otherwise plead in response to the petition. *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009). When the responding party fails to answer the petition within the 30-day period, it is deemed to admit all well-pleaded facts and the petition is ripe for adjudication. *People v. Vincent*, 226 Ill. 2d 1, 9-10 (2007). The court can dismiss a petition despite a lack of responsive pleading if the petition is deficient as a matter of law. *Id.* at 8-9. However, the court cannot *sua sponte* dismiss a petition before the 30-day response period expires. *Laugharn*, 233 Ill. 2d at 323. We review the dismissal of a section 2-1401 petition *de novo*. *People v. Carter*, 2015 IL 117709, ¶ 13.

¶ 34     In the present case, neither party contests whether defendant adequately served the State with notice of his section 2-1401 petition. The trial court allowed defendant to file the petition at a hearing on March 26, 2015. Therefore, the State had actual notice of the petition, as it was in court on the day of the hearing and received a copy of the petition. At the hearing, however, the court *sua sponte* dismissed the petition (less than 30 days after the date of service). Because the dismissal occurred prior to the expiration of the 30-day period, we find dismissal was premature.[3]

¶ 35     In reaching this conclusion, we reject the State's contention that it waived the 30-day period in which to answer or otherwise plead because an assistant State's Attorney was present in court at the time of the filing of the petition. The State contends that the assistant State's Attorney's presence in court and acknowledgement of the filing of the section 2-1401 petition on that date effectively waived the answer requirement. The only exceptions to the 30-day requirement are a responsive pleading filed by the State (*People v. Zimmerman*, 2016 IL App (2d) 130350, ¶ 16) or an express indication on the record of the State's intent to waive the time allotted for a response and consent to the court's early decision on the merits—silence will not suffice (see, *e.g.*, *People v. Gray*, 2011 IL App (1st) 091689, ¶ 22). The record shows that the State took no affirmative action regarding defendant's section 2-1401 petition. The State's inaction is insufficient to waive the 30-day response period.

¶ 36                                        CONCLUSION

¶ 37     The judgment of the trial court of La Salle County is reversed, and the matter remanded with directions for the trial court to vacate defendant's conviction and sentence under count VI, and for further proceedings on defendant's section 2-1401 petition.

¶ 38     Reversed and remanded with instructions.

---

determined by its content, not its label). Moreover, neither party disputes the substance of defendant's petition. Both parties instead refer to the petition as a section 2-1401 petition on appeal.

[3]We recognize that the filing date of a section 2-1401 petition is the date it is received by the circuit court clerk. See *Wilson v. Brant*, 374 Ill. App. 3d 306, 310 (2007). In this case it is immaterial whether we consider the date of filing to be the date of mailing, the date the State received a copy, or the date the petition was received by the clerk because all three dates are less than 30 days from the date of the trial court's dismissal.