2020 IL App (1st) 171334-U

No. 1-17-1334

Order filed July 29, 2020

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 CR 11707 |
| | ) | |
| PAWEL SZYMULEWSKI, | ) | Honorable |
| | ) | James N. Karahalios, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*: Circuit court erred by *sua sponte* dismissing defendant's Section 2-1401 petition within 30-day time period for State to respond.

¶ 2    Defendant Pawel Szymulewski appeals the circuit court's *sua sponte* dismissal of his *pro se* petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)).

¶ 3    He argues the court erred by dismissing his petition within the 30-day period in which the State was entitled to respond. For the following reasons, we agree.

¶ 4    On December 9, 2013, following a Rule 402 conference (Ill. S. Ct. R. 402 (eff. July 1, 2012)), defendant pleaded guilty to two counts of armed robbery and one count of attempted armed robbery—stemming from charges in three separate cases. The court admonished defendant regarding his rights and the potential punishments. Defendant confirmed that he voluntarily waived his rights and that he was pleading guilty of his own free will. After the state presented the factual basis for each charge, pursuant to plea agreement, the court sentenced defendant to concurrent terms of 17 years' imprisonment on both counts of armed robbery followed by 3 years mandatory supervised release (MSR), and 10 years' imprisonment on attempted armed robbery followed by 2 years MSR.

¶ 5    Defendant was advised of his right to appeal and that he could file a motion to withdraw his plea within 30 days. Defendant did not file any post-plea motions or a direct appeal.

¶ 6    On April 26, 2017, defendant filed a summons, section 2-1401 petition, and petition for "judicial review and determination to resolve a justiciable matter/question." In his section 2-1401 petition, defendant argued his imprisonment should be reduced by 3 years, the length of his MSR term, because he only agreed to a 17-year sentence, and the additional 3 years of MSR would violate his constitutional rights. His petition for judicial review requested a modification of his sentence in light of his rehabilitation.

¶ 7    There is no argument about whether these documents were properly served.

¶ 8    On May 3, 2017, while the State was present, the court addressed defendant's filings:

"He has sent in a letter, jail mail, saying that he has repented his ways, has benefited from the therapeutic programs offered by the Department of Corrections, and he is seeking redemption after having publicly disassociated himself from his former gang and his gang affiliations, and he would like his sentence reduced.

And the defendant's request will be respectfully denied."

¶ 9    Defendant timely appealed.

¶ 10    We initially note that, while the record is not clear on this point, the parties agree that the court dismissed defendant's 2-1401 petition on May 3, when it denied his request for relief. On appeal, defendant does not argue the merits of his petition. Instead, he contends the court's *sua sponte* dismissal of his 2-1401 petition was premature and must be vacated. We review the *sua sponte* dismissal of a 2-1401 petition *de novo*. *People v. Laugharn*, 233 Ill. 2d 318, 322 (2009).

¶ 11    Section 2-1401 of the Code provides "a comprehensive, statutory procedure that allows for the vacatur of a final judgment older than 30 days." *People v. Vincent*, 226 Ill. 2d 1, 7 (2007) (citing 735 ILCS 5/2-1401 (West 2002)). Generally, a trial court can dismiss a 2-1401 petition *sua sponte*, without notice or opportunity for hearing, when the petition does not warrant relief as a matter of law. *Id.* at 13-14. But *sua sponte* dismissal is not permitted until the petition is "ripe for adjudication." *Laugharn*, 233 Ill. 2d at 323.

¶ 12    Section 2-1401 mandates that all parties be notified, as required by rule. 735 ILCS 5/2-1401(b) (West 2016). Pursuant to Illinois Supreme Court Rule 106 (eff, Aug. 1, 1985), notice of a section 2-1401 petition follows the same method as provided in Illinois Supreme Court Rule 105. Under Illinois Supreme Court Rule 105 (Ill. S. Ct. R. 105 (eff. Jan. 1, 1989)), a responding party has 30 days to answer the petition or otherwise plead.

¶ 13    If the responding party does not answer the petition within the 30-day period, "it is deemed to admit all well pleaded facts and the petition is ripe for adjudication." *People v. Dalton*, 2017 IL App (3d) 150213, ¶ 33. "The only exceptions to the 30-day requirement are a responsive pleading filed by the State [citation] or an express indication on the record of the State's intent to waive the time allotted for a response and consent to the court's early decision on the merits—silence will not suffice [citation]." *Id.* ¶ 35.

¶ 14    The record does not demonstrate when notice was served on the State. The petition and summons were file-stamped on April 26, 2017 and the State must have received actual notice because it was present for the hearing on May 3, 2017. See *People v. Ocon*, 2014 IL App (1st) 120912, ¶ 31.

¶ 15    Here, the trial court dismissed the petition within 30 days of both the filing and actual notice. This means that unless there was a responsive pleading or express waiver by the State, we must vacate the trial court's order and remand this case for further proceedings. See *Laugharn*, 233 Ill. 2d at 323.

¶ 16    The State argues that because it was present at, and remained silent during, the May 3 hearing, it waived the right to respond and the petition was "ripe for adjudication." But this court has flatly rejected that argument. *People v. Clemons*, 2011 IL App (1st) 102329, ¶ 17; *People v. Gray*, 2011 IL App (1st) 091689, ¶ 22; *Dalton*, 2017 IL App (3d) 150213, ¶ 35; also *cf. People v. Carter*, 2015 IL 117709, ¶ 24 (*sua sponte* dismissal appropriate where State was silent *and* "well over 30 days had passed since the filing of defendant's petition.").

¶ 17    If the State wishes to waive its response before the 30-day period and permit a *sua sponte* dismissal, it must expressly say so on the record. *Gray*, 2011 IL App (1st) 091689, ¶ 22. Here, the State did not.  Its "silence will not suffice." *Dalton*, 2017 IL App (3d) 150213, ¶ 35.

¶ 18    As such, we have no choice but to vacate the *sua sponte* order dismissing defendant's section 2-1401 petition and remand for further proceedings. We express no opinion on the merits of defendant's petition.

¶ 19    Vacated and remanded.