**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180093-U

Order filed January 5, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0093 Circuit No. 03-CF-556 |
| ROBERT DALTON, | ) ) ) | Honorable Cynthia M. Raccuglia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices Holdridge and O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court abused its discretion where it erroneously believed that it lacked discretion to appoint counsel to represent defendant in the proceedings on his petition for relief from judgment.

¶ 2     Defendant, Robert Dalton, appeals the dismissal of his petition for relief from judgment. Defendant argues that the La Salle County circuit court erred in failing to appoint counsel based on the erroneous belief that it lacked discretion to do so. We reverse and remand.

¶ 3                                   I. BACKGROUND

¶ 4    Following a jury trial, defendant was convicted of four counts of criminal sexual abuse (720 ILCS 5/12-13(a)(3) (West 2000)) and sentenced to consecutive terms of imprisonment of 4 years, 6 years, 12 years, and 15 years. On direct appeal, we allowed appointed counsel to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). *People v. Dalton*, No. 3-06-0041 (2007) (unpublished dispositional order).

¶ 5    On May 1, 2008, defendant filed a postconviction petition as a self-represented litigant. The court appointed Tim Cappellini as counsel, and Cappellini filed an amended petition. A third-stage evidentiary hearing was held on the amended petition.

¶ 6    Prior to the evidentiary hearing, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2014)), which is the subject of the instant appeal. Cappellini indicated that he was not adopting the petition, and defendant indicated that he intended to file the petition as a section 2-1401 petition separate from the postconviction proceedings. The court allowed him to do so and dismissed the section 2-1401 petition. The court then denied the amended postconviction petition.

¶ 7    Defendant appealed the denial of his amended postconviction petition and the *sua sponte* dismissal of his section 2-1401 petition. Regarding the denial of defendant's postconviction petition, we found that defendant had made a substantial showing that his right to a speedy trial had been violated concerning one count of the information, and we vacated his conviction on that count. *People v. Dalton*, 2017 IL App (3d) 150213, ¶¶ 30, 37. Regarding defendant's section 2-1401 petition, we held that the circuit court erred in dismissing the petition without allowing the State 30 days to file a response. *Id.* ¶ 35. We remanded the matter for new proceedings on the petition. *Id.* ¶ 37.

¶ 8    On remand, the court asked defendant if he wanted counsel appointed. The State told the court that defendant was not "eligible" for appointed counsel on a section 2-1401 petition because it was a civil matter. The court said, "That's right ***." The following exchange occurred:

"[DEFENDANT]: I also would need the attorney but not the Public Defender's Office because of ineffective assistance.

THE COURT: You don't have a right of appointed counsel for 1401 because it's in the nature of a civil—

[DEFENDANT]: You just asked me if I wanted one.

THE COURT: Mr. Cappellini (*sic*) brought that to my attention. I was thinking of it as post conviction."[1]

¶ 9    At the next status hearing, the court told defendant: "Now, I do need to advise you—and you're probably happy about that because you haven't been too happy with some of your lawyers. But this is in the nature of a civil proceeding, so you're not entitled to a[n] attorney to be appointed to represent you."

¶ 10    The State filed a motion to dismiss defendant's section 2-1401 petition. At a status hearing, the court asked defendant if he wanted time to respond to the motion to dismiss, and defendant said he wanted time. Defendant said he had filed a postconviction petition in another county, and the court had appointed counsel in that case. The court asked defendant if wanted counsel appointed "for this one," and noted that defendant had previously indicated that he wanted to represent himself. Defendant said that he did not say that he wanted to represent

---

[1]The court said the name of the public defender, but the transcript shows that an assistant state's attorney actually brought this matter to the court's attention.

himself and that he wanted an attorney appointed. The court stated that it would appoint Cappellini. The following exchange occurred:

"THE DEFENDANT: Originally you told me I wasn't allowed that on a [2-1401].

THE COURT: That's not what we have here.

[THE STATE]: That is what we have here. It's a—the post-conviction has been resolved at this point. It's the [2-1401] issue. And I—that's my fault for not bringing that up to you.

THE COURT: That's right. And I forgot that's where we were. You're right.

THE DEFENDANT: Yeah.

THE COURT: You're not entitled.

* * *

THE COURT: Yeah. And there's been so many motions.

So you're right, [State]. He's not entitled to [an appointed attorney].

So I'm going to leave it the way it is at this point and set it for a status for you to file a response."

¶ 11    Defendant filed a response, and a hearing was held on the State's motion to dismiss. The court granted the State's motion and dismissed defendant's section 2-1401 petition.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, defendant argues that the circuit court abused its discretion in denying his request for appointed counsel on his section 2-1401 petition because the record showed that it was unaware that it had discretion to grant the request. We agree.

4

¶ 14    Section 2-1401 petitions are brought under the Code. See 735 ILCS 5/2-1401 (West 2016). Section 2-1401 of the Code does not provide for the appointment of counsel. *People v. Walker*, 2018 IL App (3d) 150527, ¶ 24. However, our supreme court has held that, while it is not required, the circuit court may appoint counsel to represent indigent prisoners in civil actions. *Tedder v. Fairman*, 92 Ill. 2d 216, 226-27 (1982). "There is error when a trial court refuses to exercise discretion in the erroneous belief that it has no discretion as to the question presented." *People v. Queen*, 56 Ill. 2d 560, 565 (1974).

¶ 15    In the instant case, the record shows that the circuit court was unaware that it had discretion to appoint counsel to represent defendant on his section 2-1401 petition. When the State told the court that defendant was not eligible to have counsel appointed, the court agreed. On several occasions, the court expressed willingness to appoint counsel. However, each time this occurred, the State reminded the court that the matter concerned a section 2-1401 petition rather than a postconviction petition, and the court immediately rescinded its offer of counsel. The court stated each time that defendant was not entitled to the appointment of counsel or did not have the right to the appointment of counsel. The record does not indicate that the court weighed or considered whether counsel should have been appointed. Accordingly, the record indicates that the court was unaware that it had discretion to appoint counsel. The court's failure to recognize that it had discretion constituted an abuse of discretion. See *Queen*, 56 Ill. 2d at 565-66; *People v. Partee*, 268 Ill. App. 3d 857, 868-69 (1994).

¶ 16    Defendant contends that, pursuant to *Partee*, 268 Ill. App. 3d at 869, the circuit court's failure to recognize its discretion mandates automatic reversal. Although not cited by the parties, our supreme court subsequently indicated in *People v. Chapman*, 194 Ill. 2d 186, 224-25 (2000), that not every failure to exercise discretion necessitates automatic reversal. The *Chapman* court

held that " 'the effect of such a failure to exercise discretion must be assessed in the context of the entire proceeding.' " (quoting *People v.* Gibson, 136 Ill. 2d 362, 379 (1990)). The *Chapman* court held that a new trial was not necessary in that case because the defendant was not prejudiced by the court's purported failure to recognize that it had discretion to give the jury a *Prim* instruction before deliberations. *Id.*

¶ 17       While, pursuant to *Chapman*, automatic reversal may not be required, we believe that reversal is an appropriate remedy in this case. Had the court chosen to appoint counsel in an exercise of its discretion, it is impossible to determine whether counsel would have amended the petition or whether any such amendments would have affected the outcome of the proceedings. Accordingly, we cannot conclude that the court's failure to exercise its discretion was necessarily harmless, as the State contends. Remand will give the court the opportunity to properly exercise its discretion in determining whether to appoint counsel.

¶ 18                                III. CONCLUSION

¶ 19       For the foregoing reasons, the judgment of the circuit court of La Salle County is reversed. The matter is remanded for new proceedings on defendant's section 2-1401 petition, at which the court shall exercise its discretion in considering defendant's request for appointed counsel.

¶ 20       Reversed and remanded.