2023 IL App (1st) 211559-U

SECOND DIVISION
August 29, 2023

No. 1-21-1559

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Respondent-Appellees, | ) ) | Cook County |
| v. | ) ) | 92 CR 01527 |
| LAWRENCE RHODEN, | ) ) | Honorable James B. Linn, |
| Petitioner-Appellant. | ) ) | Judge Presiding |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*: Vacated and remanded. Dismissal of section 2-1401 petition was premature, as court dismissed petition before 30 days had passed since its filing, and State had neither responded in writing nor waived response before dismissal.

¶ 2    Petitioner Lawrence Rhoden appeals the *sua sponte* dismissal of his petition for relief from judgment under Section 2-1401 of the Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2020). We vacate the judgment and remand for further proceedings.

¶ 3    Petitioner is currently serving a natural life sentence in prison for the first-degree murder of his common-law wife and her 13-year-old son. We affirmed that judgment on direct appeal. *People v. Rhoden*, No. 1–93–0484 (1995) (unpublished order under Supreme Court Rule 23).

Petitioner has also levied numerous collateral attacks on his conviction, which included post-conviction petitions and section 2–1401 petitions for relief from judgment. All have been denied or dismissed. *People v. Rhoden*, Nos. 1–97–0523 (1997), 1–98–2948 (1999), 1–99–0207 (2000), 1–00–2496 (2001), 1–05–2079 (2006), 1–07–2150 (2009), 1–07–2568 (2009) (unpublished orders under Supreme Court Rule 23).

¶ 4    On September 29, 2021, petitioner filed a motion titled "EMERGENCY PETITION FOR RELEASE." In so many words, petitioner asked the trial court to release him from prison because of the threat posed by the COVID-19 pandemic. The petition sought relief under both the Post-Conviction Hearing Act (725 ILCS 5/122 *et seq.* (West 2020)) and section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020).

¶ 5    At the time, petitioner had at least one other section 2-1401 petition pending before the trial court, first filed on November 20, 2019. Twice, first in June 2021, then again in August 2021, he filed addendums to that petition. That petition, which is *not* the subject of this appeal, sought various remedies and relief.

¶ 6    The same day the petition that *is* the subject of this appeal was filed, September 29, 2021, the trial court held a brief status hearing, made note of the new filing, and said, "Now he is saying that he wants relief because of COVID." The record does not show if a representative from the State's Attorney was at the hearing.

¶ 7    On October 13, 2021, in a video conference proceeding, the court brought up petitioner's case again and said it needed to review the file and was not ready to rule on the pending filings. An Assistant State's Attorney is noted as attending the hearing but did not speak.

¶ 8    The case came up again on October 21, 2021—that is, 22 days after the emergency petition was filed. The court first addressed the emergency petition and went through petitioner's

argument. It concluded that it could not "undo a life sentence because there's a threat of COVID. … I have no authority to release him for those reasons. So his *pro se* motion for emergency release is without merit, denied, Clerk to notify." The State did not respond or otherwise acknowledge the emergency petition. The court then went on to address "another petition" and denied it as well. Petitioner timely appealed.

¶ 9     Petitioner argues only that the trial court's *sua sponte* dismissal of his hybrid postconviction and section 2-1401 petition was premature. Focusing on section 2-1401, he claims the court denied the emergency petition before it was ripe for adjudication, and that we must remand this matter to the circuit court. Our review is *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 14 (2007).

¶ 10     Section 2-1401 establishes a comprehensive procedure to attack and vacate final judgments more than 30 days after they are entered. *Vincent*, 226 Ill. 2d at 7. Once a section 2-1401 petition has been filed and served on the State, the State has 30 days to respond to the petition. *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009). Or, in lieu of a written response, the State may waive a response and consent to adjudication by the court on the merits before that 30-day period has run. *People v. Zimmerman*, 2016 IL App (2d) 130350, ¶ 16; *People v. Dalton*, 2017 IL App (3d) 150213, ¶ 35.

¶ 11     The State's failure to respond in any way to the petition within 30 days—no written response, no waiver of a response—amounts to an admission of the petition's well-pleaded facts, and the petition becomes ripe for adjudication. *Vincent*, 226 Ill. 2d at 6. At that time, the court may *sua sponte* dismiss a Section 2-1401 petition. *Laugharn*, 233 Ill. 2d at 323-24. But a *sua sponte* dismissal *before* that 30-day period has run requires vacatur of the dismissal and remand. *Id.*

¶ 12     Here, petitioner filed his emergency petition on September 29, 2021. The court denied it on October 21, only 22 days after it had been filed. The State did not file a responsive pleading or otherwise indicate on the record that it intended to waive a response. Since the required 30-day term had not elapsed before the court dismissed it, the trial court prematurely dismissed the petition before it was ripe for adjudication. See *Laugharn*, 233 Ill. 2d at 323-24; *Dalton*, 2017 IL App (3d) 150213, ¶¶ 34-35.

¶ 13     The State makes several arguments to avoid this straightforward conclusion. First, it argues the emergency petition was actually a postconviction petition and was properly dismissed as frivolous or patently without merit. The record contradicts that assertion. A petitioner may file a hybrid postconviction and section 2-1401 petition, as here. See, *e.g.*, *People v. Greco*, 2014 IL App (1st) 112582, ¶ 1. The court here never acknowledged the filing as a postconviction petition, nor did the court discuss whether petitioner had established cause and prejudice necessary to file a successive postconviction petition. See *People v. Pitsonbarger*, 205 Ill. 2d 444, 458 (2002) (petitioner must seek leave to file successive postconviction petition and must satisfy cause-and-prejudice test.) The court did not treat the filing as a pure postconviction petition, and neither will we.

¶ 14     Beyond that, the State points out that petitioner never properly served his petition on the State, which appears to be true. Petitioner was required to comply with the notice provisions of Illinois Supreme Court Rule 105 (eff. Sept. 28, 1978), which applies to Section 2-1401 petitions. *Matthews*, 2016 IL 118114, ¶ 8. Rule 105 requires that a petitioner provide the opposing party with notice of the petition's filing via service in person, by mail, or by publication. Ill. S.Ct. R. 105 (eff. Sept 28, 1978). If by mail—as petitioner tried here—service must be sent by certified or registered mail. *Id.* Petitioner did not serve the State with certified or registered mail.

¶ 15    If petitioner's attempt to vacate the dismissal were premised in any way on the fact that he never properly served the State, we well might reject petitioner's attempt to profit from his own failure of service. See, *e.g.*, *People v. Alexander*, 2014 IL App (4th) 130132, ¶ 46 (petitioner could not attack dismissal of section 2-1401 petition based on his own failure to properly serve State and thereby "be rewarded with a second bite of the apple").

¶ 16    But the issue of service is a red herring here, because regardless of what date we used to demonstrate when the State had notice of the petition—the date of its filing on September 29 or the date the petition was discussed in the presence of the State on October 13—the court's *sua sponte* dismissal of the petition was on October 22, well before any conceivable 30-day period could have elapsed. We have no choice under our supreme court's decision in *Laugharn* but to vacate the dismissal and remand for further consideration.

¶ 17    Vacated and remanded.